the condition of Mrs. Horne from lack of sleep and knowledge thereof by Mrs. Neill were proper to be considered by the jury under the evidence, together with whether or not Mrs. Neill exercised proper diligence for her own safety. The court committed no error for any reason assigned in this ground of the amended motion.

■ It is contended in ground 5 that the court did not state the contentions of the defendant with the same degree of fullness and clearness that was accorded the plaintiff's contentions. If there is any virtue in this contention it lies in the fact that the court did not call to the attention of the jury the affirmative plea of contributory negligence, as dealt with in the first division of this opinion. But for the reversible error as dealt with in that part of this opinion, this ground would be without merit. Since we are reversing the case for the reasons set forth, we deem it of no benefit to discuss this ground further.

■ Ground 4 and the exceptions pendente lite claim reversible error because of an alleged improper remark of opposing counsel. Very likely this incident will not occur again. We do not reverse the case on this ground. While the remark was improper, the statement of the court, we think, cured it of harm.

Since the judgment is reversed, we will not discuss the general grounds.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

## 30202. HORNE *v.* NEILL.

GARDNER, J. This case is controlled by the decision in the companion case of *Horne* v. *Neill*, ante.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED FEBRUARY 15, 1944.

## 30381. MOSELEY *v.* THE STATE.

DECIDED FEBRUARY 15, 1944.